**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SAUL SABINO,**

                    **Plaintiff,**

          **-against-**

**PORT AUTHORITY POLICE**
**DEPARTMENT; NEW YORK COUNTY**
**DISTRICT ATTORNEY'S OFFICE,**

                    **Defendants.**

**21-cv-5731 (JGK)**

**MEMORANDUM OPINION AND**
**ORDER**

**JOHN G. KOELTL, United States District Judge:**

The plaintiff, currently incarcerated in the George R. Vierno Center on Rikers Island, brings this pro se action under 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights.[1] By order dated August 10, 2021, the Court granted the plaintiff's request to proceed in forma pauperis (IFP).[2] For the reasons explained below, the complaint is dismissed in part.

**I**

The plaintiff advances claims against the Port Authority Police Department and the New York County District Attorney's Office ("DA's Office"). ECF No. 1 ("Compl."). The complaint contains the following allegations. On August 10, 2020, while

---

[1] The plaintiff initially filed the complaint on December 10, 2020, in the United States District Court for the Eastern District of New York. On July 2, 2021, that court transferred the matter here. See Sabino v. Port Auth. Police Dep't, No. 20-cv-5247 (E.D.N.Y. July 2, 2021).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

the plaintiff was "off" his medication for schizophrenia and
bipolar disorder, and "under the influence of a ton of street
[d]rugs/[n]arcotics," he "went on a shoplifting rampage" in the
Marshalls store across the street from One World Trade Center.
Compl. at 5. The plaintiff "saw demons on fire that were ready
to attack" him, who were actually "loss prevention workers," and
he "pull[ed] out a hammer to try to scare the [d]emons" away.
Id. The plaintiff ran out of the store, and was chased by "more
people," including Port Authority police officers. Id. The
plaintiff was arrested, and after he was handcuffed, several of
the officers assaulted and injured him. Id. at 5-6. The
plaintiff was charged with first-degree robbery, criminal
possession of a weapon, and assaulting an officer. His criminal
proceedings are ongoing in the New York County Supreme Court.

According to the plaintiff, those charges should not have
been brought because he was "only shoplifting." Id. at 6. The
plaintiff asserts claims of malicious prosecution, excessive
force, and false arrest. The plaintiff seeks money damages, the
"reversal" of the alleged malicious prosecution, and other
equitable relief.

## II

The Prison Litigation Reform Act requires that federal
courts screen complaints brought by prisoners who seek relief
against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III

### A.

The plaintiff advances claims for money damages against the DA's Office. Compl. at 7. However, state prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The absolute immunity for damages enjoyed by state prosecutors extends to claims for malicious prosecution unless the prosecutor "proceeds in the clear absence of all jurisdiction." Shmueli v. City of New York, 424 F.3d 231, 237-38 (2d Cir. 2005); id. at 237 ("Once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless

of any allegations that his actions were undertaken with an improper state of mind or improper motive.").

Here, the plaintiff's claims against the DA's Office are premised on allegations that the DA's Office brought and is pursing charges in connection with the plaintiff's arrest following the plaintiff's actions on August 10, 2020. Because the DA's Office is indisputably prosecuting statutorily enumerated crimes, the complained of activity is intimately associated with the judicial phase of the criminal process and not beyond the DA Office's jurisdiction. See id. at 238 ("The allegations that the ADAs prosecuted [the plaintiff] and continued with the prosecution describe only functions for which a prosecutor is normally accorded absolute immunity"). Accordingly, all claims for damages against the DA's Office are dismissed with prejudice because they seek monetary relief against a defendant who is immune from suit and are frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii).[3]

---

[3] The plaintiff's pursuit of money damages stemming from his claim for malicious prosecution is also barred by Heck v. Humphrey, 512 U.S. 477 (1994), because the state criminal proceedings have not yet been resolved in the plaintiff's favor. Id. at 486-87; Walden v. City of New York, No. 20-cv-9360, 2020 WL 7496285, at *4 (S.D.N.Y. Dec. 18, 2020) (Heck's "favorable termination rule" precluded malicious prosecution claim seeking money damages because the plaintiff failed to allege that his "conviction ha[d] been overturned or otherwise invalidated"); see infra Section III.B.

**B.**

The complaint, liberally construed, suggests that the plaintiff is seeking equitable relief for his malicious prosecution claim against the DA's Office. Compl. at 6-7. Unlike the plaintiff's claim for money damages, the DA's Office does not enjoy absolute immunity from claims seeking equitable relief. Shmueli, 424 F.3d at 238-39 (noting that a state prosecutor's entitlement to absolute immunity from a malicious prosecution claim for damages "does not bar the granting of injunctive relief").

The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Wallace v. Kato, 549 U.S. 384, 389-90 (2007) (emphasis in original). To prevail on a malicious prosecution claim under New York law and federal law, a plaintiff must show: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice. Kee v. City of New York, No. 20-2313-cv, --- F.4th ---, 2021 WL 3852241, at *8 (2d Cir. Aug. 30, 2021). For a malicious prosecution claim under Section 1983, a plaintiff also must allege a sufficient post-arraignment liberty restraint. Id.

Because favorable termination is an element of a malicious prosecution claim, a plaintiff cannot state a claim if the relevant criminal proceeding is pending. See, e.g., Bayan v. Sikorski, No. 17-cv-4942, 2021 WL 1163653, at *5 (S.D.N.Y. Mar. 26, 2021); Bussey v. Devane, No. 13-cv-3660, 2013 WL 4459059, at *6 (E.D.N.Y. Aug. 16, 2012).

Here, the plaintiff alleges that his criminal matter is pending. Accordingly, the plaintiff fails to state a claim for malicious prosecution. The plaintiff's claims for malicious prosecution seeking equitable relief are dismissed without prejudice.

## c.

The plaintiff advances a claim for false arrest against the Port Authority Police Department. A Section 1983 claim "for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures . . . is substantially the same as a claim for false arrest under New York law." Kee, 2021 WL 3852241, at *5 (citation omitted). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012) (alteration in original;

emphasis and citation omitted); see also Kee, 2021 WL 3852241, at *5.

Probable cause to arrest is a complete defense to a false arrest claim. Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (1994); Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001).

The plaintiff fails to allege facts suggesting that the Port Authority police officers did not have probable cause to arrest him on August 10, 2020. The plaintiff acknowledges that he shoplifted items from the Marshalls store and brandished a hammer. He then ran away from the store security personnel and the police, who were not in a position to know that the plaintiff had taken drugs and was hallucinating. Therefore, the complaint indicates that "the facts known by the arresting officer[s] at the time of the arrest objectively provided

probable cause to arrest." <u>Jaegly v. Couch</u>, 439 F.3d 149, 153 (2d Cir. 2006)(citing <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152 (2004)).

Accordingly, the Court dismisses the plaintiff's false arrest claim against the Port Authority Police Department with prejudice. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### C.

The plaintiff also asserts a claim of excessive force against the Port Authority Police Department. A claim that excessive force was used "in the context of an arrest or investigatory stop of a free citizen [is] most properly characterized as one invoking the protections of the Fourth Amendment." <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989). Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is "objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to [the officers'] underlying intent or motivation." <u>Jones v. Parmley</u>, 465 F.3d 46, 61 (2d Cir. 2006) (alteration in original) (citing <u>Graham</u>, 490 U.S. at 397). This standard "requires

---

[4] To the extent that the plaintiff also sought to plead a claim for false arrest against the DA's Office, the plaintiff would need to have alleged "facts suggesting that [the prosecutor] was personally involved in the decision to arrest [the plaintiff] or to detain him pre-arraignment." <u>Nunez v. City of New York</u>, No. 14-cv-4182, 2016 WL 1322448, at *6 (S.D.N.Y. Mar. 31, 2016), <u>aff'd</u>, 735 F. App'x 756 (2d Cir. 2018). The complaint is devoid of any such allegations. Accordingly, any claim for false arrest against the DA's Office is dismissed for failure to state a claim.

careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

Here, the plaintiff alleges that after he was handcuffed, multiple Port Authority police officers "assaulted" him "resulting in two large lacerations to [his] right arm." Compl. at 6. The plaintiff further alleges that as a result of the alleged assault, he lost feeling in his right hand and suffered lower back pain. Id. The plaintiff claims that he subsequently received medical treatment for his injuries at Riker's Island and received "daily wound care." Id.

Allegations that the officers assaulted the plaintiff while he was handcuffed and caused him to suffer injuries for which he needed medical treatment are sufficient to state a claim for excessive force. Accordingly, the plaintiff's claim for excessive force is not dismissed.

**D.**

To the extent that the plaintiff seeks release from custody, the Court liberally construes his submission as a habeas corpus petition filed under 28 U.S.C. § 2241. Under Section 2241(c)(3), habeas corpus relief is available to a

9

person "in custody in violation of the Constitution or laws or
treaties of the United States." A convicted prisoner in state
custody generally must challenge his confinement in a habeas
corpus petition under 28 U.S.C. § 2254, but a state pretrial
detainee challenging his custody as unlawful under the
Constitution or federal law may seek habeas corpus relief in a
petition brought under Section 2241. See, e.g., Robinson v.
Sposato, No. 11-cv-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29,
2012); see also Hoffler v. Bezio, 831 F. Supp. 2d 570, 575
(N.D.N.Y. 2011), aff'd, 726 F.3d 144 (2d Cir. 2013).

Before seeking Section 2241 habeas corpus relief, however,
a state pretrial detainee must first exhaust any available state
court remedies. See United States ex rel. Scranton v. New York,
532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not
by its own terms require the exhaustion of state remedies as a
prerequisite to the grant of federal habeas relief, decisional
law has superimposed such a requirement in order to accommodate
principles of federalism."). In the pretrial context, such
exhaustion includes seeking habeas corpus relief in the state
court and, if necessary, appealing up to the New York Court of
Appeals. See N.Y.C.P.L.R. §§ 7001 et seq.

In this case, the plaintiff did not allege any facts
suggesting that he has exhausted state court remedies by seeking
habeas corpus relief in the state courts and appealing to the

New York Court of Appeals. Because the plaintiff failed to show that he exhausted his available state court remedies before filing his Section 2241 petition in this Court, the Court denies without prejudice any application for relief under Section 2241.

**E.**

To the extent that the plaintiff seeks intervention by this Court in the ongoing state criminal proceedings, he is not entitled to such relief. In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. <u>Id.</u> at 41, 52; <u>see also</u> <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571 U.S. 69, 72-73 (2013) ("<u>Younger</u> exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.")

The plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceedings. Therefore, the Court will not intervene in those proceedings.

**IV**

**A.**

Because the plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process [in IFP cases]."); Fed. R. Civ. P. 4(c)(3) (the court must order the United States Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Federal Rule of Civil Procedure 4(m) generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, the plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, the plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (providing that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." (citations omitted)).

To allow the plaintiff to effect service on the Port Authority Police Department through the United States Marshals Service, the Clerk of Court is instructed to fill out a United States Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

The plaintiff must notify the Court in writing if the plaintiff's address changes, and the Court may dismiss the action if the plaintiff fails to do so.

**B.**

The plaintiff does not name John Doe defendants, but the Court assumes that the plaintiff intended to sue the officers who allegedly used excessive force against him. Under Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), a pro se litigant is entitled to assistance from the district court in identifying a defendant. Id. at 76. In the complaint, the plaintiff appears to supply sufficient information to permit the Port Authority of New York & New Jersey to identify the John Doe police officers who were involved in the plaintiff's arrest. It is therefore ordered that the Port Authority of New York & New Jersey

13

ascertain the identity and badge number of each John Doe officer whom the plaintiff seeks to sue here and the address where each defendant may be served. The Port Authority of New York & New Jersey shall provide this information to the plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, the plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that the plaintiff should complete is attached to this order. Once the plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the United States Marshals Service.

**CONCLUSION**

The claims for damages against the New York County District Attorney's Office are dismissed on immunity grounds. See 28 U.S.C. § 1915(e)(2)(B)(iii). The false arrest and malicious prosecution claims are dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The claim for excessive force is not dismissed.

The Clerk of Court is instructed to complete the USM-285 form with the address for the Port Authority Police Department and deliver all documents necessary to effect service to the United States Marshals Service. The Clerk of Court is also directed to add John Doe defendants to the docket.

The Clerk of Court is further directed to mail a copy of this order to the Port Authority of New York & New Jersey at: 4 World Trade Center, 150 Greenwich Street, 23rd Floor, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (providing that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to the plaintiff, together with an information package.

**SO ORDERED.**

**Dated:    New York, New York
           September 1, 2021**

                              /s/ John G. Koeltl
                            John G. Koeltl
                    United States District Judge

15

**DEFENDANT AND SERVICE ADDRESS**

Port Authority Police Department
625 8th Avenue
New York, New York 10018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)


**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name              Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                   Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | | |
|---|---|---|
| Dated | | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____