UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL SABINO,

                    Plaintiff,

          -against-

PORT AUTHORITY POLICE DEPARTMENT
and JOHN DOES of the PORT
AUTHORITY POLICE DEPARTMENT,

                    Defendants.

21-cv-5731 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, United States District Judge:

    The plaintiff brought this pro se action under 42 U.S.C. §
1983, alleging that the defendants violated his constitutional
rights. The plaintiff is currently incarcerated on Rikers Island
and filed an application for the Court to request pro bono
counsel. For the reasons set forth below, the plaintiff's
application is **denied without prejudice**.

                              I

    On December 10, 2020, the plaintiff filed a complaint
against the Port Authority Police Department and the New York
County District Attorneys' Office, advancing claims of malicious
prosecution, false arrest, and excessive force. The plaintiff
alleged that on August 10, 2020, while the plaintiff was "off"
his medication for schizophrenia and bipolar disorder, and
"under the influence of a ton of street [d]rugs/[n]arcotics," he
"went on a shoplifting rampage" in the Marshalls store across

                              1

the street from One World Trade Center. Compl. at 5. The plaintiff "saw demons on fire that were ready to attack" him, who were actually "loss prevention workers," and he "pull[ed] out a hammer to try to scare the [d]emons" away. Id. The plaintiff ran out of the store, and was chased by "more people," including Port Authority police officers. Id. The plaintiff was detained, and after he was handcuffed, several of the arresting officers allegedly assaulted and injured him. Id. at 5-6. The plaintiff was charged with first-degree robbery, criminal possession of a weapon, and assaulting an officer. His criminal proceedings are ongoing in the New York County Supreme Court.

In a Memorandum Opinion and Order dated September 10, 2021, pursuant to 28 U.S.C. § 1915A, the Court dismissed all of the plaintiff's claims except for the claim of excessive force.

The plaintiff then filed an amended complaint, which was docketed on October 18, 2021. In the amended complaint, the plaintiff reiterated his allegations that Port Authority officers assaulted the plaintiff after he was handcuffed, which resulted in lacerations to the plaintiff's arm and lower back pain. The plaintiff's application for the Court to request pro bono counsel was docketed on October 22, 2021.

## II

Unlike in criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. Hodge

v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, a court has "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id.

In an application for the Court to request pro bono counsel, a litigant must demonstrate that he or she is indigent by, for example, successfully applying for leave to proceed in forma pauperis. Assuming indigence is shown, courts should:

> first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

In reviewing a request for appointment of counsel, courts should not grant appointment of counsel indiscriminately and must be cognizant of the fact that volunteer attorney time is a "precious commodity." See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

### III

The plaintiff filed a request to proceed in forma pauperis, which the Court granted. The plaintiff therefore qualifies as indigent.

However, it is apparent from the face of the plaintiff's complaints that the plaintiff has failed to show at this time that his claim is sufficiently meritorious to justify the appointment of <u>pro bono</u> counsel. The plaintiff admitted that he was shoplifting, brandished a hammer in front of loss prevention workers, and fled from the police before sustaining injuries during the arrest. Although the Court concluded in its prior order that these allegations, liberally construed, satisfied the minimal pleading threshold to state a claim for excessive force, "this is not the rare case where the merit of the plaintiff's claim is so apparent that the Court feels compelled to appoint counsel to vindicate the plaintiff's cause." <u>Colon-Reyes v. Fegs Health and Human Servs. Sys.</u>, No. 12-cv-2223, 2012 WL 2353732, at *1 (S.D.N.Y. June 13, 2012) (denying application for <u>pro bono</u> counsel); <u>see also</u> <u>Cooper</u>, 877 F.2d at 172 (noting that an "attorney need not be appointed in every case which survives a motion to dismiss" (quoting <u>Jenkins v. Chem. Bank</u>, 721 F.2d 876, 880 (2d Cir. 1983)).

The remaining factors are neutral or support the appointment of <u>pro bono</u> counsel. The plaintiff represents that he has difficulties litigating this case in view of his mental health conditions. The plaintiff's ability to investigate facts relating to this case is undermined by his mental health conditions and incarcerated status. Moreover, it appears that

the case may in part turn on cross-examination of the officers who arrested and allegedly assaulted the plaintiff. However, because the plaintiff's claims do not meet the threshold merits requirement at this time, the plaintiff's application is **denied without prejudice**.

## IV

As noted above, the plaintiff raises concerns regarding his mental health in his application. The plaintiff also complains about the conditions of his confinement at Rikers Island. The Court encourages the plaintiff to raise any concerns regarding his mental health with the plaintiff's counsel in the ongoing state criminal matter. The Court further notes that the complaints in this action did not discuss the conditions of the plaintiff's confinement at Rikers Island. The plaintiff can also discuss those concerns with his counsel in the state criminal matter.

## CONCLUSION

For the reasons given above, the plaintiff's application for the Court to request pro bono counsel is **denied without prejudice**.

The Clerk is directed to close Docket No. 18. The Clerk is further directed to mail a copy of this order to the plaintiff and to note service on the docket.

**SO ORDERED.**

Dated:      New York, New York
            October 26, 2021

                                    John G. Koeltl
                                    United States District Judge