```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

SAUL SABINO,

                Plaintiff,

    -against-                     21-cv-5731 (JGK)

PORT AUTHORITY POLICE              ORDER OF SERVICE
DEPARTMENT, ET AL.,

                Defendants.

**JOHN G. KOELTL, United States District Judge:**

By Memorandum Opinion and Order dated September 1, 2021, the Court directed the Port Authority of New York & New Jersey ("Port Authority") to provide the pro se plaintiff with the identity and badge number of each John Doe defendant and the address where each John Doe defendant may be served. See ECF No. 11. On November 1, 2021, the Port Authority identified the two John Doe defendants and provided the pro se plaintiff with the following service addresses:

    Police Officer Joffre G. Cortez (badge no. 2102)
    The Port Authority of New York and New Jersey
    4 World Trade Center, 23rd Fl.
    New York, New York 10007

    Police Officer John-Patrick Natiku (badge no. 2377)
    The Port Authority Police Department
    George Washington Bridge
    Police Administration Building
    220 Bruce Reynolds Boulevard
    Fort Lee, New Jersey 07024

Because the plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United

1

States Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process [in IFP cases]."); Fed. R. Civ. P. 4(c)(3) (the court must order the United States Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Federal Rule of Civil Procedure 4(m) generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, the plaintiff is proceeding IFP and was not informed by the Port Authority of the identities of the John Doe defendants until November 1, 2021. The Court therefore extends the time to serve until 90 days after the date of this Order. If the complaint is not served within that time, the plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (providing that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." (citations omitted)).

To allow the plaintiff to effect service on Officer Joffre G. Cortez and Officer John-Patrick Natiku through the United

States Marshals Service, the Clerk of Court is directed to fill out United States Marshals Service Process Receipt and Return forms (USM-285 forms) for these defendants. The Clerk of Court is further directed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

The Clerk of Court is further directed to remove the John Doe defendants from the docket and to replace them with Officer Joffre G. Cortez and Officer John-Patrick Natiku. The Clerk of Court is further directed to mail a copy of this Order to the plaintiff and to note service on the docket.

**SO ORDERED.**

**Dated:**   New York, New York
            **November 2, 2021**

_____
John G. Koeltl
**United States District Judge**

**DEFENDANTS AND SERVICE ADDRESSES**

Police Officer Joffre G. Cortez (badge no. 2102)
The Port Authority of New York and New Jersey
4 World Trade Center, 23rd Fl.
New York, New York 10007

Police Officer John-Patrick Natiku (badge no. 2377)
The Port Authority Police Department
George Washington Bridge
Police Administration Building
220 Bruce Reynolds Boulevard
Fort Lee, New Jersey 07024