UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL SABINO,

                          Plaintiff,

          -against-

PORT AUTHORITY POLICE
DEPARTMENT, ET AL.,

                          Defendants.

21-cv-5731 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff brought this pro se action under 42 U.S.C. §
1983, alleging that the defendants violated his constitutional
rights. The plaintiff is currently being prosecuted in the New
York State Supreme Court, Criminal Term for alleged offenses
that relate to the facts and circumstances that are discussed in
the plaintiff's complaint in this action. See People v. Sabino,
No. 1504-2020 (N.Y. Sup. Ct.) (the "State Criminal Proceeding").
On June 15, 2022, the plaintiff filed a notice of removal of the
State Criminal Proceeding on the docket of this action. See ECF
No. 67 (the "Notice of Removal"). For the following reasons, the
State Criminal Proceeding is summarily remanded to the New York
State Supreme Court, Criminal Term.

                              I

    The Notice of Removal alleges that the State Criminal
Proceeding is removable to this Court pursuant to 28 U.S.C. §§
1441, 1443, and 1455. 28 U.S.C. § 1441 is not a basis for

                              1

removal of the State Criminal Proceeding because § 1441 only
provides for the removal of "civil actions."[1] A criminal
prosecution can be removed to a federal court under 28 U.S.C. §
1443(1) only if it is commenced:

> Against any person who is denied or cannot enforce in
> the courts of such State a right under any law providing
> for the equal civil rights of citizens of the United
> States, or of all persons within the jurisdiction
> thereof.

Varricchio v. Cnty. of Nassau, 702 F. Supp. 2d 40, 68 (E.D.N.Y.
2010) (quoting 28 U.S.C. § 1443(1)).[2]

A petition for removal under Section 1443(1) must satisfy
a two-pronged test. New York v. El, No. 12-cv-4091, 2012 WL
3861227, at *1 (E.D.N.Y. Sept. 4, 2012) (citing Johnson v.
Mississippi, 421 U.S. 213, 219 (1975)). "First, it must appear
that the right allegedly denied the removal petitioner arises
under a federal law providing for specific civil rights stated
in terms of racial equality." Id. "Claims that prosecution and
conviction will violate rights under constitutional or statutory
provisions of general applicability or under statutes not
protecting against racial discrimination, will not suffice." Id.
Second, it must appear on the face of the Notice of

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, omissions, emphasis, quotation marks, and citations in quoted
text.

[2] Section 1443(2) is inapplicable here because it applies only to defendants
in state court actions acting "under color of authority derived from any law
providing for equal rights, or for refusing to do any act on the ground that
it would be inconsistent with such law."

Removal "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." Id.; see also Varricchio, 702 F. Supp. 2d at 69 ("It is insufficient for the removing party to have a mere apprehension that he will be denied or unable to enforce his rights in state court."). The denial of federal rights must normally be "manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." New York v. Best, No. 14-cv-3634, 2014 WL 5305991, at *2 (E.D.N.Y. Oct. 15, 2014).

## II.

28 U.S.C. § 1455(b)(1) lays out the procedural requirements governing notices of removal under § 1441(1) and provides that any such notices "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." The plaintiff was arrested in connection with the offenses at issue in the State Criminal Proceeding on August 10, 2020. A review of the docket of the State Criminal Proceeding shows that the plaintiff pleaded not guilty to the charges against him on December 23, 2020. The plaintiff has appeared for

numerous hearings before the state criminal court since then and
is next scheduled to appear before that court on July 18, 2022.

The plaintiff has failed to carry his burden of
demonstrating that his Notice of Removal was timely. See Best,
2014 WL 5305991, at *1 (the party seeking removal "has the
burden of establishing that a case is within the federal court's
removal jurisdiction."). The State Criminal Proceeding has been
pending for nearly two years, and the plaintiff has not
demonstrated that good cause exists to allow him to file an
untimely notice of removal.

### III.

Moreover, the Notice of Removal provides no basis for this
Court to exercise jurisdiction over the State Criminal
Proceeding. The plaintiff generally contends that in the State
Criminal Proceeding, he is being (1) deprived of his due process
and double jeopardy rights; (2) deprived of his right to a
speedy trial; and (3) subjected to prosecutorial and judicial
misconduct, including failures by the state prosecutors to
comply with their discovery obligations.

None of these complaints provide a basis for removal to
this Court because they plainly do not involve an alleged denial
of rights that arise under a federal law that provides for
specific civil rights stated in terms of racial equality. See
El, 2012 WL 3861227, at *1. The plaintiff's constitutional

complaints all allege violations of generally applicable
constitutional protections, rather than constitutional
violations premised on allegations of racial discrimination. See
Johnson, 421 U.S. at 219 ("Claims that prosecution and
conviction will violate rights under constitutional or statutory
provisions of general applicability or under statutes not
protecting against racial discrimination, will not suffice."].
Additionally, the rights contemplated by § 1443(1) do not
include the right to a speedy trial in state criminal
proceedings. See, e.g., Varricchio, 702 F. Supp. 2d at 68 ("In
view of the fact that the civil right to a speedy trial relied
upon by [the plaintiff] as the basis for removal of the criminal
contempt proceedings is not couched in terms of equality, but
rather is of general application available to all persons, he
cannot succeed in this petition."). Finally, there is no basis
on which to conclude that the plaintiff's allegations of
judicial and prosecutorial misconduct relate to a denial of the
plaintiff's civil rights "in terms of racial equality." See El,
2012 WL 3861227, at *1. And any alleged judicial or
prosecutorial misconduct in the state proceedings are not
manifestations of "a formal expression of state law, such as a
state legislative or constitutional provision," but rather
constitute alleged violations "first made manifest in the trial
of the case." See Best, 2014 WL 5305991, at *2.

For these reasons, the plaintiff's Notice of Removal provides no basis for this Court to exercise jurisdiction over the State Criminal Proceeding.

## IV.

Finally, to the extent that plaintiff challenges the State's authority to prosecute him and seeks this Court's intervention, the Court will not intervene in an ongoing state criminal matter. See Younger v. Harris, 401 U.S. 37, 43-45 (1971) (in general, federal courts should refrain from enjoining or otherwise interfering in ongoing state proceedings); Shelley v. Gulotta, No. 09-cv-4883, 2010 WL 309011, at *1-2 (E.D.N.Y. Jan. 26, 2010) (applying Younger abstention because "there is an ongoing state criminal prosecution against Plaintiff," "that state proceeding implicates New York State's important interest in enforcing its own criminal laws," and "Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court"); see also El, 2012 WL 3861227, at *2.

## CONCLUSION

For the reasons explained above, the State Criminal Proceeding is summarily remanded to the New York State Supreme Court, Criminal Term.

The Clerk is directed to mail a copy of this order to the plaintiff and to note service on the docket.

**SO ORDERED.**

Dated:      New York, New York
            July 5, 2022

                                    John G. Koeltl
                            United States District Judge