```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/2/22___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAUL SABINO, | |
| Plaintiff, | 21-CV-5731 (JGK) (BCM) |
| -against- | **ORDER** |
| PORT AUTHORITY POLICE DEPARTMENT, et al., | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated October 3 and received October 24, 2022 (Dkt. 88), plaintiff Saul Sabino, proceeding *pro se*, seeks an order compelling defendant Port Authority Police Department (PAPD) to produce certain photographs that plaintiff took at Bellevue Hospital (Bellevue) to document the injuries that he sustained when he was arrested by officers of the PAPD and the New York Police Department on August 20, 2020. In his accompanying affidavit (Sabino Aff.) (Dkt. 89), plaintiff states that the photographs were taken with his black Samsung cellphone, which was then vouchered as evidence in his criminal case, under property voucher S236217. According to plaintiff, the phone – and the photographs stored on it – are in the possession, custody, and control of defendant PAPD and must be produced in this action, which accuses the PAPD and two individual PAPD officers of using excessive force to effect his arrest. Sabino Aff. at 1-2. Sabino adds that defendants' counsel promised to retrieve the requested photographs from the phone and produce them in discovery, but that six months have passed since then, "and nothing has been produce[d]." *Id.* at 1. At the end of his affidavit, Sabino requests that the Court compel a nurse-practitioner at Bellevue, Agnieszka Czarnecki, "to provide a testimony or statement." *Id.* at 2.

In a responding letter-brief dated October 31, 2022 (Def. Ltr.) (Dkt. 90), defendants assert that the PAPD "does not have any oversight or control over the City of New York Property Clerk's office," which is where plaintiff's phone, along with other vouchered property, is held. Def. Ltr. at

1. Defendants add that plaintiff has pled guilty to the criminal charges stemming from his August 10, 2020 arrest and is due to be sentenced on December 2, 2022, after which he will receive a property release from the New York County District Attorney's Office and will be able to retrieve his "personal belongings" pursuant to Title 38, § 12-35 of the Rules of the City of New York. *Id.* at 2. Defendants do not address the request regarding Ms. Czarnecki.

Plaintiff's motion is DENIED. As to the images on his phone, plaintiff has not demonstrated that they are within the possession, custody and control of PAPD or any other party. *See* Fed. R. Civ. P. 34(a)(1).[1] As to Ms. Czarnecki, the Federal Rules of Civil Procedure do not authorize the Court to direct a non-party to "provide a testimony or statement" in the absence of any previously-served and enforceable subpoena. Plaintiff remains free to request a voluntary statement from Ms. Czarnecki and/or to seek her trial testimony via subpoena.

Dated: New York, New York
       November 2, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] Plaintiff's claims against the New York County District Attorney's Office were dismissed on September 1, 2021. (Dkt. 11.)

2