UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SAUL SABINO,

        Plaintiff,

-against-

PORT AUTHORITY POLICE DEPARTMENT, et al.,

        Defendants.

21-CV-05731 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Now before the Court are three motions filed by *pro se* plaintiff Saul Sabino: (1) a motion to require defendants' attorney to add the New York City Health + Hospitals Corp. (H+HC) and Correctional Health Services (CHS) to a proposed judicially ordered Rule 45 subpoena submitted to the Court by defendants on October 11, 2022 (Dkt. 97); (2) a renewed application for the appointment of *pro bono* counsel (Dkt. 130); and (3) a motion seeking sanctions against defendants and related relief for their "lies, deceptions, fraud, collusions, and abusive and harassing deposition use for general fishing expedition, & in violation of discovery rules," etc. (Dkt. 131.) The first motion is dated October 18, 2022, but the envelope in which it arrived is postmarked November 19, 2022, and the motion itself was posted to the Court's electronic docket on November 28, 2022. The second and third motions are dated December 23, 2022, but were received by this Court's *Pro Se* Office and posted to the docket on February 24, 2023, along with a declaration, also dated December 23, 2022, in which plaintiff requests a 30-day extension of his time to review and make changes to his deposition transcript due to pain caused by nerve damage in his right hand. (Dkt. 132.) The Court construes that declaration as a fourth motion.

    On March 13, 2023, defendants filed a response to plaintiff's sanctions motion, noting that it "does not contain any factual allegations or any examples of bad faith or misconduct." (Dkt.

136.) Defendants surmise that the motion was prompted by plaintiff's objections to defendants' efforts to question plaintiff about his prior criminal history, and note, correctly, that those objections have been resolved. (*Id.*)

On March 14, 2023, defendants filed another letter, opposing plaintiff's request for an extension of his time to review and make changes to his deposition transcript. (Dkt. 137.) Defendants argue that plaintiff failed to make "any request to review the transcript before the deposition was complete," in accordance with Fed. R. Civ. P. 30(e)(1), and urge the Court to deny his request for additional time within which to do so. (*Id.*)

The motion at Dkt. 97 is DENIED as moot. The Court so-ordered the proposed Rule 45 subpoena as submitted (addressed to Bellevue Hospital) on October 12, 2022 (Dkt. 87), and so-ordered an updated subpoena on January 23, 2023. (Dkt. 121.) Plaintiff has not made any further request that a subpoena be sent to H+HC or CHS.

The motion at Dkt. 130 is DENIED for the same reasons the District Judge denied plaintiffs' prior motions for the appointment of *pro bono* counsel: plaintiff has not shown that his claim is sufficiently meritorious to justify the commitment of volunteer attorney time. (*See* Dkt. 20, at 4.) This Court has, however, alerted plaintiff to the expanded services now offered by the New York Legal Assistance Group (NYLAG) to incarcerated civil litigations and referred him to NYLAG for assistance. (*See* Dkt. 134.)

The motion at Dkt. 131 is DENIED because, after careful review of plaintiff's deposition transcripts, as well as the remaining discovery record, the Court finds no evidence of misconduct by defendants' counsel.

2

The Court notes that plaintiff's deposition was taken, via videoconference, on November 1 and December 20, 2022, while plaintiff was detained at Rikers Island.[1] The first deposition session ended approximately one hour after it began. After a series of questions about his past criminal convictions, plaintiff stated, "For the record, I plead my Fifth. If we're not talking about what happened on August 10, 2020 [the date of the arrest at issue in this action], then I guess this hearing is discontinued." 11/1/22 Tr. (Dkt. 113-1 at ECF pp. 3-56) at 32:14-17. Plaintiff then delivered a 14-page soliloquy, during which (among other things) he described defendants' counsel as a "privileged white boy" and a "racist," claimed that the past charges against him were "falsified," accused defendants of colluding with prison officials to make sure he was not allowed to go to the library, claimed that he had "received nothing" from the Court in response to his many motions in this action,[2] charged that the evidence in this action had been tampered with, and asked to return to his cell. *Id*. at 32:18-46:25.

On December 1, 2022, during a telephonic conference with the parties, the Court ordered plaintiff to reappear for deposition and explained to him – both during the conference and in a written order issued that same day – that while he was entitled to object to deposition questions on relevancy grounds, he "may not refuse outright to answer a deposition question except to preserve a privilege, to enforce a limitation previously ordered by the court, 'or to present a motion under Rule 30(d)(3).'" (Dkt. 100, at 1.)

The second session of plaintiff's deposition, also held by videoconference from Rikers Island, lasted approximately two hours. *See* 12/20/22 Tr. (Dkt. 113-1 at ECF pp. 57-187). This

---

[1] The transcripts were submitted to the Court and mailed to plaintiff on December 28, 2022. (Dkt. 113-1.)

[2] The Court notes that plaintiff has objected to several of its orders, which he could not have done had he not received them. *See* Dkts. 51, 52, 57, 101, 102, 115, 116.

time, plaintiff refused to say whether he pled guilty to any of the charges arising out of his August 10, 2020 arrest. *Id*. at 22:4-24. He did, however, provide substantial testimony concerning the arrest itself, which is the basis of his claims in his action, as well as his resulting injuries and medical treatment. *Id*. at 23:18-34:25; 42:18-45:24; 48:25-98:25. That session ended because the time allotted for it by the Department of Corrections expired. *Id*. at 102:6-9.

On January 4, 2023, defendants asked the Court to compel plaintiff to return for a third session of his deposition and answer defendants' questions about his criminal history. (Dkt. 113.) On January 12, 2023, the Court heard from both sides during a telephonic conference (*see* Dkt. 123), and explained to the plaintiff – again – why defendants were entitled to ask about his prior convictions and related topics. On January 13, 2023, the Court granted defendants' motion, but only "to the extent that, upon submission by defendant of appropriate documentary evidence of plaintiff's prior convictions, the Court will deem those facts as established for purposes of this action." (Dkt. 114.) On January 25 and February 15, 2023, defendants submitted the certificates of disposition reflecting plaintiff's prior convictions (Dkts. 122, 128), and on February 17, 2023, the Court issued an order deeming the facts concerning those convictions "established for purposes of this action" pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). (Dkt. 129.)

In light of plaintiff's *pro se* status, his motion at Dkt. 132, for an extension of time within which to review his deposition transcripts and make corrections pursuant to Fed. R. Civ. P. 30(e)(1), is GRANTED. *See Desrameaux v. Delta Air Lines Inc.*, 2018 WL 1224100, at *3 n.5. (E.D.N.Y. Mar. 8, 2018). If plaintiff wishes to make any changes, he shall sign a statement listing the changes and the reasons for making them, and serve that statement on defendants' counsel (who shall forward it to the court reporters) no later than **April 17, 2023** (30 days from posting). Plaintiff is advised that while Rule 30(e)(1) permits a deponent to make changes to his testimony, his

4

original testimony is not thereby stricken. Rather, his original answers "will remain part of the record and can be read at the trial." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (quoting *Lugtig v. Thomas,* 89 F.R.D. 639, 641 (N.D.Ill.1981)).

In light of the fact that plaintiff was recently moved from Rikers Island to the Elmira Correctional Facility, another copy of Dkt. 113-1 (containing his complete deposition transcripts) will be served upon him along with the Order.

The Clerk of Court is respectfully directed to close the motions at Dkts. 97, 130, and 131, and mail a copy of this Order, as well as a copy of Dkt. 113-1, to the *pro se* plaintiff at his new address of record.

Dated: New York, New York
March 15, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**