UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL SABINO,

             Plaintiff,

    -against-

PORT AUTHORITY POLICE
DEPARTMENT, et al.,

            Defendants.

21-CV-5731 (JGK) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/17/2023_

**BARBARA MOSES, United States Magistrate Judge.**

In two declarations dated April 4, 2023, filed together and functioning in part as a recusal motion (Mot.) (Dkt. 143), plaintiff Saul Sabino, proceeding *pro se*: (i) objects to my Order dated March 15, 2023 (3/15/23 Order) (Dkt. 138), pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72; and (ii) seeks my disqualification under 28 U.S.C. §§ 144 and 455. Recusal motions are determined, in the first instance, by the judge whose recusal is sought. *See* 28 U.S.C. § 455(a)-(b) (requiring any justice, judge, or magistrate judge of the United States to "disqualify himself" if certain conditions are met); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 75 (S.D.N.Y. 2001) ("If section 455 applies, the judge must recuse herself.") In this case, no basis for recusal having been supplied, plaintiff's motion will be denied.

## Background

In the 3/15/23 Order, I addressed four motions previously filed by plaintiff, denying three of them and granting the fourth.[1] Plaintiff now argues that the adverse portions of the 3/15/23

---

[1] In his motion at Dkt. 97, plaintiff sought to expand a proposed judicially-ordered subpoena for his medical records, submitted by defendants and addressed to Bellevue Hospital. I denied that motion as moot because the original subpoena was so-ordered long before plaintiff's motion reached the Court, and because over the next five months plaintiff made no further request that additional subpoenas be issued to other medical providers. *See* 3/15/23 Order at ECF p. 2.

In his motion at Dkt. 130, plaintiff requested the appointment of *pro bono* counsel. I denied that motion for the same reason the district judge denied his first such motion (*see* Dkt. 20, at ECF p.

Order reflect judicial bias that merits recusal. For example, he asserts that I delayed decision on his motion to expand defendants' subpoena out of a desire "to wait . . . in order to help and advocate for defendants' side & interest." Mot. at ECF p. 2. I note, however, that plaintiff does not contend that his medical records (for the period predating the judicially-ordered subpoena) are incomplete, or that he was otherwise prejudiced by my ruling on the subpoena motion.

Plaintiff further argues that I mischaracterized his motion for sanctions, *see* Mot. at ECF pp. 1, 3, and adds that, in connection with that motion, I improperly discussed his deposition testimony (which in his view is "not admissible") "in order to help change the outcome of plaintiff's undisputable claims." *Id.* at ECP p. 1. In fact, I reviewed his deposition transcripts and discussed their contents because, in his motion for sanctions, plaintiff specifically accused defendants of using his deposition to harass him and conduct a fishing expedition into his past criminal history. *See* Sanctions Mot. at ECF p. 1. Moreover, as I have repeatedly explained to plaintiff, defendants were in fact entitled to question him about that criminal history at deposition, without prejudice to his right to contest the admissibility of his convictions at trial. *See* Tr. of Nov. 30, 2022 Conf. (Dkt.

---

2): because "plaintiff has not shown that his claim is sufficiently meritorious to justify the commitment of volunteer attorney time." 3/15/23 Order at ECF p. 2.

In his sanctions motion (Sanctions Mot.) at Dkt. 131, plaintiff sought a protective order and sanctions, accusing defendants of (among other things) "Abusive and Harassing Deposition use for General Fishing-Expedition," and conducting an "Abusive General Fishing Expedition" for "Traumatic events link[ed] to Plaintiff's Irrelevant Immaterial-Painful-Injust-criminal history." Sanctions Mot. At ECF p. 1. I denied that motion because, "after careful review of plaintiff's deposition transcripts, as well as the remaining discovery record, the Court [found] no evidence of misconduct by defendants' counsel." 3/15/23 Order at ECF p. 2.

In his motion at Dkt. 132, plaintiff sought an extension of his time to review his deposition transcripts and make corrections. Defendants opposed the motion, arguing that plaintiff failed to request review before the deposition was completed, as required by Fed. R. Civ. P. 30(e)(1). (Dkt. 137.) In light of plaintiff's *pro se* status, I excused his procedural lapse and granted his motion. 3/15/23 Order at 4. Additionally, since plaintiff had recently been transferred to the Elmira Correctional Facility, I directed that new copies of the deposition transcripts be served upon him there. *Id.* at ECF p. 5.

103) at 10:12-23:5; Tr. of Jan. 12, 2023 Conf. (Dkt. 123) at 6:1-25, 8:1-10:19, 15:3-16:17, 20:4-25:7; *see also* Order dated Jan. 13, 2023 (Dkt. 114); Order dated Feb. 17, 2023 (Dkt. 129).

Plaintiff also complains that in denying his request for the appointment of counsel I improperly ruled on a "dispositive motion" without his consent, Mot. at ECF p. 1, and insists that the clinic operated by the New York Legal Assistance Group (NYLAG), to which I referred him on March 7, 2023, "cannot assist individuals while they are incarcerated." *Id.* at ECF p. 2   In fact, I referred plaintiff to the NYLAG clinic because it recently expanded its services and is now able to assist incarcerated civil litigants. *See* Order dated March 7, 2023 (Dkt. 134).

## Discussion

28 U.S.C. § 144 requires a judge to recuse herself if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 455 requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party." A judge's bias or prejudice may arise from extrajudicial sources or from a "favorable or unfavorable predisposition" if the predisposition "is so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555. The inquiry is whether "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

Plaintiff does not identify any valid basis for recusal. His complaints about the 3/15/23 Order show only that he disagrees with the Court's reasoning and believes that all of his motions should have been granted. His speculation as to improper judicial motivation is just that; consequently, he fails to show that the adverse rulings resulted from bias against him. Moreover, "[a] decision relating to an application for appointment of counsel is clearly non-dispositive." *Graves v. Cunningham*, 2010 WL 2891175, at *1 (S.D.N.Y. July 12, 2010) (quoting *Roman v. Napoli.* 2010 WL 1509355, at *1 (W.D.N.Y. Apr.14, 2010). *See also Bennett v. Goord*, 2008 WL 5083122, at *1 (2d Cir. Dec. 2, 2008) (summary order) (characterizing order denying appointment of counsel as "a magistrate judge's decision on a nondispositive motion"); *Mitchell v. Cuomo*, 2019 WL 1397195, at *1 (N.D.N.Y. Mar. 28, 2019) (magistrate judge's order "denying . . . the appointment of counsel" was non-dispositive). The same is true with regard to a decision denying discovery sanctions. *See, e.g.*, *Humphreys v. N.Y.C. Health & Hosps. Corp.*, 2023 WL 155446, at *2 (S.D.N.Y. Jan. 11, 2023) (collecting cases).[2]

### Extension Request

Plaintiff also requests an "[e]xtension of time as a matter of course" due to the conduct of prison officials at the Elmira Correctional Center, who have allegedly denied him access to his nerve damage pain medication and to the law library. Mot. at ECF p. 2. Plaintiff does not specify what deadline(s) he wishes to extend. The Court notes that plaintiff currently has a deadline of

---

[2] A party dissatisfied with a magistrate judge's non-dispositive order is not without recourse. He may file objections with the district judge "within 14 days after being served with a copy of the order" to which he objects. Fed. R. Civ. P. 72(a). Plaintiff is well aware of his rights under Rule 72, having exercised them in the past. (*See*, *e.g*., Dkt. 51.) In this instance, plaintiff's submission appears to constitute *both* an objection to the 3/15/23 Order, *see* Mot. at ECF p. 1 ("Plaintiff fully objects to Hon. Barbara C. Moses, Magistrate Judge's – Docket Entries No(s) 138 . . . ") *and* a motion for recusal. *See id*. at ECF p. 3 ("Plaintiff moves under title 28 U.S.C. §§ 144, 455(a)(b) for recusal of Hon. Barbara C. Moses  . . .").

April 17, 2023 to make corrections to his deposition transcripts (3/15/23 Order, at 4) and a deadline of April 28, 2023, to reply to defendants' opposition to his motion to amend his complaint. (*See* Dkt. 146.)  Both of these deadlines are hereby EXTENDED to **May 17, 2023**.

## Conclusion

For the foregoing reasons, plaintiff's demand for recusal is DENIED and his motion for an extension is GRANTED.

Dated:  New York, New York
         April 17, 2023

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**