**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
—————————————————————————

**SAUL SABINO,**

                        **Plaintiff,**            **21-cv-5731 (JGK)**

         **- against -**                   **MEMORANDUM OPINION**
                                           **AND ORDER**

**PORT AUTHORITY POLICE DEPARTMENT,**
**ET AL.,**

                        **Defendants.**
—————————————————————————

**JOHN G. KOELTL, District Judge:**

In this action pursuant to 42 U.S.C. § 1983, the pro se
plaintiff, Saul Sabino, asserts claims against the Port Authority
Police Department ("PAPD") and two PAPD officers for violations
of his constitutional rights in connection with his arrest. This
Memorandum Opinion and Order addresses several pending matters
in the litigation: (1) the plaintiff's objections to certain of
the Magistrate Judge's discovery rulings, see ECF Nos. 101, 102,
115, 116; and (2) the plaintiff's recent submission styled as a
motion for the entry of a default judgment against Marshalls of
New York, Marshalls Retail Group, and Marshalls employee Vincent
Johnson, see ECF Nos. 170, 171.

                                **I.**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil
Procedure 72, the plaintiff has objected to the discovery rulings
set forth in the Magistrate Judge's November 2, 2022 Order, ECF No.
91, which concerned the plaintiff's motion to compel the PAPD to

produce certain electronically stored information contained on the plaintiff's cell phone. See Obj., ECF No. 101; Sabino Decl., ECF No. 102.[1] In particular, the plaintiff sought photographs of his post-arrest injuries, which he had captured on his cell phone during his stay at Bellevue Hospital. The plaintiff's supporting papers stated that the cell phone was taken from him and vouchered as evidence in his state criminal prosecution, and he asserted that the PAPD was responsible for producing the relevant photographs. See Sabino Aff., ECF No. 89.

The Magistrate Judge denied the motion to compel on the grounds that the plaintiff "ha[d] not demonstrated that [the phone or the images on it] are within the possession, custody and control of PAPD or any other party."[2] ECF No. 91 at 2. For the reasons set forth below, the plaintiff's objections to this denial are **overruled**.[3]

---

[1] The plaintiff's submissions docketed at ECF Nos. 115 and 116 are identical to those docketed at ECF Nos. 101 and 102. Accordingly, the Court treats ECF Nos. 101, 102, 115, and 116 as constituting the same set of objections.

[2] The Magistrate Judge's November 2, 2022 Order also denied the plaintiff's request to compel the testimony of a particular nurse-practitioner at Bellevue Hospital. See ECF No. 91 at 2. The plaintiff has not objected to this ruling; his papers focus only on his request to compel the production of the ESI stored on his cell phone.

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

**A.**

When considering objections to an order issued by a
Magistrate Judge concerning discovery-related matters, the Court
must "modify or set aside any part of the order that is clearly
erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see
also 28 U.S.C. § 636(b)(1)(A); Nexstar Media Inc. v. Comcast
Cable Commc'ns, LLC, No. 21-cv-6860, 2022 WL 17095146, at *1
(S.D.N.Y. Nov. 19, 2022). "An order is clearly erroneous only
when the reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been committed,"
and "[a]n order is contrary to law when it fails to apply or
misapplies relevant statutes, case law or rules of procedure."
Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002).
"Under this highly deferential standard, magistrate judges are
afforded broad discretion in resolving nondispositive disputes,"
including discovery disputes, and "reversal is appropriate only if
their discretion is abused." Williams v. Rosenblatt Sec., Inc.,
236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to
overturn a magistrate judge's decision thus carries a heavy
burden." U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No.
04-cv-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

**B.**

The plaintiff has failed to make any showing that the
Magistrate Judge's November 2, 2022 Order related to the images

on his cell phone was clearly erroneous or contrary to law, and accordingly, the objections cannot be sustained. In response to the plaintiff's motion to compel, the defendants represented that the plaintiff's cell phone was being stored in the New York City Police Department ("NYPD") Property Clerk's Office, that the defendants have no "oversight or control" over that Office, and that once the plaintiff was sentenced on the state criminal charges to which he pleaded guilty, he would be able to retrieve his cell phone pursuant to local law. See ECF Nos. 90, 106. Since that time, the defendants have corresponded with the NYPD, which agreed to secure the plaintiff's cell phone and advised that "either the [p]laintiff or a third party designated by the [p]laintiff in a notarized letter could obtain the property at any time during business hours." ECF No. 106 at 1. In contrast to these representations, the plaintiff's assertions that the defendants retain control over his cell phone are conclusory and speculative. Thus, the Magistrate Judge did not err in denying the plaintiff's motion to compel for failure to establish the PAPD's "possession, custody, or control" with regard to the requested materials. Fed. R. Civ. P. 34(a)(1). Accordingly, the objection to the Magistrate Judge's November 2, 2022 Order is **overruled**.[4]

---

[4] The plaintiff also objects to the November 2, 2022 Order on the grounds that he "ha[d] not been given notice" of the decision. Sabino Decl. at 1. However, the plaintiff plainly did receive notice of the November 2, 2022 Order, because he was able to file an objection and attach the November 2, 2022 Order as an exhibit. See ECF No. 102 at

The plaintiff's objections also appear to request that the Court impose sanctions on defense counsel for making false and misleading statements. <u>See</u> Sabino Decl. at 1-2. However, the plaintiff's arguments on this point are likewise conclusory and speculative, and no basis exists for granting such a request. Accordingly, the plaintiff's request for sanctions is **denied.**

Finally, the objections include several statements related to the plaintiff's allegations of malicious prosecution, a cause of action that is not currently pending in this case. <u>See</u> Sabino Decl. at 2. The plaintiff has separately moved to file an amended complaint that would include, among other additional allegations, a malicious prosecution claim. <u>See</u> ECF Nos. 119, 126 (proposed amended complaints); ECF No. 139 (plaintiff's declaration in support of the proposed amendments). Accordingly, the Court will consider the malicious prosecution allegations contained in the plaintiff's objections when it considers the plaintiff's other submissions, allegations, and arguments in support of his motion to amend the complaint.

In short, the plaintiff's objections (ECF Nos. 101, 102, 115, 116) are **overruled,** and the sanctions request is **denied.**

---

16-17. To the extent the plaintiff raises the issue of delayed notice as an explanation for the untimely filing of his objections, the objections are overruled on the merits in any event.

**II.**

More recently, on July 10, 2023, the plaintiff moved for the entry of a default judgment against Marshalls of New York, Marshalls Retail Group, and Marshalls employee Vincent Johnson (collectively, the "Marshall's Nonparties"). See ECF Nos. 170, 171. The plaintiff made a similar request in April 2023. ECF No. 140. These motions are improper because the Marshalls Nonparties are not parties to the action, and accordingly, they could not have defaulted on any claims asserted against them.

Pursuant to Federal Rule of Civil Procedure 55, a default may be entered only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a) (emphasis added). However, the Marshalls Nonparties are not parties to this case. Rather, on January 19, 2023, the plaintiff filed a submission styled as a "second amended complaint," which named the Marshalls Nonparties as proposed defendants for the first time, see ECF No. 119, and which the Magistrate Judge appropriately construed as a motion for leave to amend because the "plaintiff's time to amend his complaint as of right ha[d] long since expired," ECF No. 120. A few weeks later, the plaintiff filed a nearly identical submission styled as a "third amended complaint," which again attempted to add the Marshalls Nonparties, see ECF No. 126, and which the Magistrate Judge appropriately treated as part of the prior

6

motion for leave to amend, <u>see</u> ECF No. 127. In doing so, the
Magistrate Judge made clear that the Marshalls Nonparties had
not yet been added as defendants, stating that "[t]o the extent
[the plaintiff] seeks to add new claims against new defendants
(Marshalls of New York Department Store and its personnel), he
must also explain why he should be permitted to do so at this
late stage of his case against the PAPD." ECF No. 127.

Thus, while it is clear that the plaintiff wishes to assert
claims against the Marshalls Nonparties, the Marshalls Nonparties
are not currently a part of this action. Accordingly, the motion
for a default judgment against the Marshalls Nonparties is **denied
without prejudice.** The question whether the Marshalls Nonparties
may be properly added as defendants will be resolved when this
Court rules on the plaintiff's motion for leave to amend. Until
that time, the plaintiff is advised to refrain from making
filings regarding the Marshalls Nonparties.

### CONCLUSION

The Court has considered all of the parties' arguments. To
the extent not specifically addressed above, those arguments are
either moot or without merit. For the foregoing reasons, the
plaintiff's objections to the Magistrate Judge's November 2, 2022
Order (ECF No. 101, 102, 115, 116) are **overruled.** The related
request for sanctions is **denied.** The plaintiff's motions for a

default judgment against the Marshalls Nonparties (ECF Nos. 140, 170, 171) are **denied without prejudice.**

The Clerk is respectfully directed to close ECF Nos. 101, 102, 115, 116, 140, 170, and 171, to mail a copy of this Order to the pro se plaintiff, and to note such mailing on the docket.

**SO ORDERED.**

Dated:     New York, New York
           July 14, 2023

                                    John G. Koeltl
                              United States District Judge