```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------------------------------

SAUL SABINO,

                   Plaintiff,        21-cv-5731 (JGK)

     - against -                      MEMORANDUM OPINION AND ORDER

PORT AUTHORITY POLICE DEPARTMENT, ET AL.,

                   Defendants.

---------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Saul Sabino, filed a Second and Third Amended Complaint, ECF Nos. 119 and 126, that Magistrate Judge Barbara C. Moses construed as a motion for leave to amend, see Magistrate Judge Order Regarding Second Am. Compl. at 1, ECF No. 120; Magistrate Judge Order Regarding Third Am. Compl. at 1, ECF No. 127.[1]

    The plaintiff moves to amend his complaint, pursuant to Federal Rule of Civil Procedure 15, to add Marshalls of New York ("Marshalls"), as well as its employee, Vincent Johnson ("Johnson"), as defendants in this action. See Pl.'s Reply at 1, ECF No. 173. The plaintiff also seeks to add state law claims of false arrest, equal protection, malicious prosecution, and assault and battery. Id.

---

[1] The Second and Third Amended Complaints appear to be "largely identical, except that some pages are included in only one version." Magistrate Judge Order Regarding Third Am. Compl. at 1.

1

For the following reasons, the plaintiff's motion for leave to amend is **granted in part and denied in part**.

I.

On August 10, 2020, the plaintiff shoplifted from the Marshalls store across the street from One World Trade Center. Compl. at 5, ECF No. 1. The plaintiff alleges that at the time of the incident he had not taken his medication for schizophrenia and bipolar disorder, and was "under the influence of a ton of street [d]rugs/[n]arcotics." Id.

As the plaintiff was leaving the Marshalls store, he was approached by a loss prevention employee, Vincent Johnson. Id.; see also Mot. for Leave to Amend, Ex. A, at 1-3, ECF No. 119. The plaintiff alleges that he was suffering from a "psychotic episode" and believed that Johnson was a "demon[] on fire[.]" Compl. at 5. The plaintiff further alleges that he pulled out a hammer to "try to scare the demons on fire away," and then ran out of the store. Id.

Following Johnson's confrontation with the plaintiff, Johnson testified that he waved down some PAPD officers. See Mot. for Leave to Amend, Ex. A, at 3. The plaintiff next alleges that he was chased "up and down multiple nearby streets," and was subsequently arrested by the PAPD officers. Compl. at 5. The plaintiff further alleges that, while he was handcuffed, he was assaulted by the officers. Id. at 6. As a result of the alleged

2

assault, the plaintiff claims that he suffered two large lacerations to his right arm, loss of feeling in his right hand, and extreme lower back pain. Am. Compl. at 5, ECF No. 16.

Following the incident, the plaintiff was charged with Robbery in the First Degree, N.Y. Penal Law § 160.15(3); Assault in the Second Degree, N.Y. Penal Law § 120.05(3); and Criminal Possession of a Weapon in the Third Degree, N.Y. Penal Law § 265.02(1). Pl.'s Reply, Ex. 1, at 1. On October 24, 2022, the plaintiff entered a plea of guilty for the charge of Criminal Possession of a Weapon in the Third Degree. See id. On the same day, the two other charges against the plaintiff were dismissed by the prosecution. Id.

On December 10, 2020, the plaintiff brought this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York, against the Port Authority Police Department of New York and New Jersey ("PAPD") and the New York County District Attorney's Office ("DA's Office"). See Compl. at 1. On July 2, 2021, the action was transferred to this Court. ECF No. 5.

In a Memorandum Opinion and Order dated September 1, 2021, this Court dismissed the plaintiff's claims against the DA's Office and several of the plaintiff's claims against PAPD. See Sabino v. Port Authority Police Dep't, No. 21-cv-5731, 2021 WL 3914092, at *5 (S.D.N.Y. Sept. 1, 2021). The Court also directed

3

the plaintiff to file an amended complaint naming certain John Doe defendants. See id.

The plaintiff filed an amended complaint on October 21, 2021, ECF No. 16, and PAPD officers Joffre G. Cortez and John-Patrick Natiku were subsequently added to the action. The plaintiff now moves to amend his complaint again to add additional claims and defendants to the action.

**II.**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by detained persons who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires."[2] Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied on grounds such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962).

District courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A pro se complaint "should not be dismissed without granting leave to amend at least once when such a reading gives

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

4

any indication that a valid claim might be stated." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999).

### III.

The plaintiff initially seeks leave to amend to add Marshalls and its employee, Vincent Johnson, as defendants in this action. See Pl.'s Reply at 1.

The Federal Rules of Civil Procedure provide that, after a scheduling order has been entered in a case, that schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A]mendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). "[W]ith respect to the Rule 16(b) standard, good cause depends on the diligence of the moving party." Id. at 243.

In this case, the Court endorsed the parties' proposed civil scheduling order on February 2, 2022. ECF No. 35. The deadline for discovery was April 29, 2022; the deadline for dispositive motions was May 20, 2022; and the deadline for the Joint Pre-Trial Order and other trial filings was June 10, 2022, or 21 days after decision of any dispositive motions. Id. However, the plaintiff did not move to file an amended complaint until January 19, 2023, and February 6, 2023. See Magistrate

5

Judge Order Regarding Second Am. Compl. at 1; Magistrate Judge Order Regarding Third Am. Compl. at 1. Moreover, the plaintiff has failed to make a showing of good cause to add the proposed defendants to the action. The proposed defendants were plainly known to the plaintiff at the outset of the litigation. The plaintiff referenced both Marshalls and a "loss prevention worker" in the original complaint filed on December 10, 2020. See Compl. at 1. And the plaintiff does not provide any explanation why Marshalls and Johnson could not have been added to this action sooner.

In any event, the plaintiff's motion should also be denied on the merits. The plaintiff has failed to allege any basis for this Court's jurisdiction over the plaintiff's claims against Marshalls and Johnson. See, e.g., ADYB Engineered For Life, Inc. v. Edan Admin. Servs. Ltd., No. 19-cv-7800, 2022 WL 912127, at *10 (S.D.N.Y. Mar. 28, 2022) ("Because the Court would lack jurisdiction over the proposed claim, leave to amend should be denied as futile."). The plaintiff does not allege that Marshalls and Johnson were acting under color of law. See Pl.'s Reply at 1-2. Therefore, the plaintiff's claims do not arise under Section 1983. See 42 U.S.C. § 1983; see also Assifuah v. Cohen, 20-cv-5050, 2022 WL 7049776, at *4 (S.D.N.Y. Oct. 12, 2022) (holding that further amendment would be futile because the defendants were non-state actors who were not acting under

the color of law). Nor does the plaintiff point to any other federal statute that would vest this Court with jurisdiction. See Pl.'s Reply at 1-2.

Moreover, the plaintiff conceded that the plaintiff was shoplifting and brandished a hammer when he was confronted by Johnson. See Compl. at 5. As a result of these concessions, this Court concluded in its September 1, 2021 Memorandum Opinion and Order that there was probable cause for the PAPD officers to arrest the plaintiff and dismissed the false arrest claim against the original defendants. See Sabino, 2021 WL 3914092, at *3. Because these concessions form the factual basis for the plaintiff's Fourth Amendment and state law claims against both Marshalls and Johnson, those claims must also fail.

For the foregoing reasons, the plaintiff's motion for leave to amend the complaint to add Marshalls and Johnson as defendants is **denied.**

### IV.

The plaintiff also moves for leave to amend to add new claims against the existing defendants in this case, namely the PAPD and Officers Cortez and Natiku. See Pl.'s Reply at 1.

### A.

The plaintiff seeks to add a claim for false arrest against the defendants.

7

However, the plaintiff's claim for false arrest has already been dismissed with prejudice by this Court. See Sabino, 2021 WL 3914092, at *3. This Court explained that "[t]o establish a false arrest claim under New York law, a plaintiff must show that: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Id. at *2 (citing Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012)). Moreover, "[p]robable cause to arrest is a complete defense to a false arrest claim." Id. at *3 (citing Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007)). The Court of Appeals for the Second Circuit has noted that "probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

The plaintiff in this case acknowledges that he shoplifted items from the Marshalls store and brandished a hammer in the process of doing so. See Sabino, 2012 WL 2914092, at *3. Additionally, the plaintiff ran away from both Marshalls security personnel and the PAPD, who were not in a position to know that the plaintiff had taken drugs and was hallucinating. See id. Accordingly, the plaintiff's complaint "indicates that

8

the facts known by the arresting officers at the time of the arrest objectively provided probable cause to arrest." Id. (quoting Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006)).

Therefore, the plaintiff's motion for leave to amend to add a false arrest claim is **denied**.

### B.

The plaintiff also seeks to add a claim for malicious prosecution.

To support a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff "must demonstrate, among other things, . . . a favorable termination of the underlying criminal prosecution." Thompson v. Clark, 596 U.S. 36, 39 (2022). The Supreme Court held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under [Section] 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." Id.

The plaintiff asserts that he meets this "favorable termination" requirement because he pleaded guilty and therefore was not "convicted." See Second Am. Compl. at 1. The plaintiff also contends that the dismissal by the Government of the two other charges was "in his favor" and therefore supports his malicious prosecution claim. See Pl.'s Reply at 4.

However, "a guilty plea is not a termination in favor of the accused for purposes of a malicious prosecution claim."

9

Blackwood v. Omorvan, No. 16-cv-644, 2019 WL 4600662, at *7 (S.D.N.Y. Sept. 23, 2019) (citing Posr v. Ct. Officer Shield No. 207, 180 F.3d 409, 418 (2d Cir. 1999)). Moreover, "[a] prosecution ends in a conviction for [malicious prosecution] purposes where a plaintiff has ple[a]d[ed] guilty to one charge in satisfaction of all against him, even where the guilty plea encompasses only a lesser included charge." Amigon v. Luzon, No. 21-cv-2029, 2023 WL 316487, at *3 (S.D.N.Y. Jan. 19, 2023), appealed on other grounds, No. 23-387-cv, 2024 WL 2105439, at *1 n.1 (2d Cir. May 10, 2024). As a court in this District found, "[t]he Supreme Court's decision in Thompson did not alter this outcome." Id. (citing Al-Anesi v. City of New York, No. 18-cv-8439, 2022 WL 1948879, at *6 (S.D.N.Y. June 6, 2022)). Because the plaintiff in this case pleaded guilty to Criminal Possession of a Weapon in the Third Degree, see Pl.'s Reply, Ex. 1, at 1, the underlying criminal prosecution ended with a conviction for purposes of the malicious prosecution claim.

The cases cited by the plaintiff do not support the proposition that the Government's dismissal of the plaintiff's charges as a result of a plea agreement must be considered a "favorable termination." The plaintiff cites Ying Li v. City of New York, 246 F. Supp. 3d 578 (E.D.N.Y. 2017), to support his contention that a dismissal in the interest of justice constitutes a "favorable termination." See Pl.'s Reply at 4.

10

However, in Ying Li, the defendant pleaded not guilty to all of the underlying charges related to the malicious prosecution claim she brought. See 246 F. Supp. 3d at 594.

For the foregoing reasons, the plaintiff's motion for leave to amend to add a malicious prosecution claim is **denied**.

### C.

The plaintiff also seeks to add a claim that the defendants violated his right to equal protection of the laws pursuant to the Fourteenth Amendment.

"[A]n equal protection claim may be stated where, for example, a plaintiff pleads that the plaintiff is the member of a class of persons that the defendant has intentionally treated differently from other similarly situated persons because of a malicious intent to injure them, or with no rational basis for the difference in treatment." Sawyer v. New York State Dep't of Transp., No. 11-cv-9103, 2012 WL 86526, at *2 (S.D.N.Y. Jan. 11, 2012) (quoting Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005)). Furthermore, "a plaintiff must include factual allegations demonstrating that the defendant was personally involved and acted with discriminatory purpose[.]" Quinones v. New York City, No. 19-cv-5400, 2022 WL 4795235, at *8 (S.D.N.Y. July 26, 2022), report and recommendation adopted, No. 19-cv-5400, 2022 WL 4787402 (S.D.N.Y. Oct. 3, 2022).

11

The plaintiff in this case fails to provide any factual support for the plaintiff's contention that he was denied equal protection of the laws by the defendants in connection with his arrest and prosecution. The plaintiff fails to allege plausibly that he was treated differently from others similarly situated, or that the defendants acted with discriminatory purpose. For these reasons, the plaintiff's motion for leave to amend to add an equal protection claim is **denied.**

### D.

Finally, the plaintiff seeks leave to amend to add claims for state law assault and battery. While the addition of these claims is untimely, it would not require any additional discovery or result in any delay in the proceedings.

"The test for whether a plaintiff can maintain state law assault and battery causes of action against law enforcement officials is generally the same as the one used to analyze a Fourth Amendment excessive force claim." Zeng v. Chell, No. 19-cv-3218, 2022 WL 624873, at *6 (S.D.N.Y. Mar. 1, 2022). The Court previously found that the plaintiff's "[a]llegations that the officers assaulted the plaintiff while he was handcuffed and caused him to suffer injuries for which he needed medical treatment [we]re sufficient to state a claim for excessive force." Sabino, 2012 WL 2914092, at *4. Therefore, the plaintiff's allegations are sufficient to maintain state law

12

assault and battery causes of action, and the defendants have failed to demonstrate that granting the plaintiff leave to amend would prejudice the defendants.

Instead, the defendants cite Soto v. City of New York, No. 13-cv-8474, 2017 WL 892338 (S.D.N.Y. Mar. 6, 2017), for the proposition that the plaintiff's state law assault and battery claims are duplicative of his excessive force claim. See Defs.' Opp'n 1 at 2, ECF No. 125. However, this Court has allowed plaintiffs to bring claims for both state law assault and battery and excessive force under Section 1983 in the same action. See, e.g., Henry v. City of New York, No. 17-cv-3450, 2021 WL 1648029, at *5, 7 (S.D.N.Y. April 27, 2021) (denying summary judgment with respect to the plaintiff's claims for Section 1983 excessive force and state law assault and battery); Pelayo v. Port Authority, 893 F. Supp. 2d 632, 641-43 (S.D.N.Y. 2012) (same).

Because the plaintiff in this case alleged plausibly a claim for excessive force, the plaintiff's first amended complaint should be construed to include state law claims for assault and battery. The defendants are directed to respond to those claims. The plaintiff's motion for leave to amend to add state law assault and battery claims is **granted**.

13

CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for leave to amend is **granted in part and denied in part.**

SO ORDERED.

Dated:   New York, New York
         August 7, 2024

_____
John G. Koeltl
United States District Judge

14