UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAUL SABINO,

                Plaintiff,           21-cv-5731 (JGK)

    - against -               ORDER

PORT AUTHORITY POLICE DEPARTMENT,
ET AL.,

                Defendants.

---

JOHN G. KOELTL, District Judge:

    Because a filing by a pro se party must be construed liberally and interpreted "to raise the strongest arguments that it suggests," see Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), the defendant's motion is construed as a motion for reconsideration brought pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York.[1]

    "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03-cv-2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011). "[R]econsideration will generally be denied unless the moving party can point to controlling

---

[1] Unless otherwise noted, this Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The plaintiff presents no basis for reconsidering the Memorandum Opinion and Order. See ECF No. 215. The plaintiff fails to identify any intervening change of controlling law, new evidence, or clear error. Accordingly, the plaintiff's motion for reconsideration is **denied**.

The Clerk is directed to close ECF No. 221. The Clerk is also directed to mail a copy of this Order to the pro se plaintiff and to note such mailing on the docket.

**SO ORDERED.**
Dated:  New York, New York
        May 30, 2025

_____
John G. Koeltl
**United States District Judge**

2